IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| XAVIER FLORES,<br><br>    Plaintiff,<br><br>    vs.<br><br>UNITED STATES OF AMERICA; AEROTEK; ALLEGIS GROUP COMPANY; and CASEY THIGPEN,<br><br>    Defendants. | CIVIL NO. 16-00579 DKW-KSC<br><br>**ORDER (1) DISMISSING COMPLAINT; (2) GRANTING APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES OR COSTS; AND (3) DENYING ALL OTHER PENDING MOTIONS** |

**ORDER (1) DISMISSING COMPLAINT; (2) GRANTING APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES OR COSTS; AND (3) DENYING ALL OTHER PENDING MOTIONS**

**INTRODUCTION**

On October 27, 2016, Plaintiff Xavier Flores, proceeding pro se, filed a Complaint, Application to proceed *in forma pauperis* ("IFP Application"), Motion For A Lawyer, and Motion For Service.  The Complaint attempts to assert claims against the United States of America; Aerotek; Allegis Group Company; and Casey Thigpen, a recruiter for Aerotek.  Flores appears to challenge the employment and/or hiring practices of Aerotek and Allegis under Title VII, the Americans with

1

Disabilities Act ("ADA"), the Age Discrimination in Employment Act ("ADEA") and the Rehabilitation Act. Because the Complaint fails to state a claim for relief against any Defendant, the Court DISMISSES the Complaint and GRANTS Flores limited leave to file an amended complaint in accordance with the terms of this order by no later than November 30, 2016. The Court GRANTS the IFP Application and DENIES his remaining motions, as discussed more fully below.[1]

## DISCUSSION

Because Flores is appearing pro se, the Court liberally construes his filings. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987) ("The Supreme Court has instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants.") (citing *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam)). The Court recognizes that "[u]nless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995); *see also Crowley v. Bannister*, 734 F.3d 967, 977-78 (9th Cir. 2013). The Court notes that, although he is proceeding pro se, Flores is more than familiar

---

[1] Pursuant to Local Rule 7.2(d), the Court finds these matters suitable for disposition without a hearing.

with his federal court filing and pleading responsibilities, given his numerous prior actions.[2]

## DISCUSSION

### I.      Plaintiff's IFP Application Is Granted

Federal courts can authorize the commencement of any suit without prepayment of fees or security by a person who submits an affidavit that demonstrates an inability to pay.  *See* 28 U.S.C. § 1915(a)(1).  "An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life."  *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (citing *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948)); *see also United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (The affidavit must "state the facts as to affiant's poverty with some particularity, definiteness and certainty.") (internal quotation omitted).

When reviewing an application filed pursuant to § 1915(a), "[t]he only determination to be made by the court . . . is whether the statements in the affidavit satisfy the requirement of poverty."  *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d

---

[2]Flores has filed several frivolous actions in this district within the past year, the majority of which allege similar claims against the United States relating to his national security qualifications and his "Tentative Work Agreement."  *See, e.g.,* Civil Nos. 15-00408 DKW-RLP; 15-00515 DKW-RLP; 15-00538 HG-RLP; 16-00009 DKW-RLP; 16-00225 LEK-KJM; 16-00561 LEK-KSC; and 16-00573 DKW-KJM.

1305, 1307 (11th Cir. 2004). While Section 1915(a) does not require a litigant to demonstrate absolute destitution, *Adkins*, 335 U.S. at 339, the applicant must nonetheless show that he is "unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a).

Here, the IFP Application indicates that Flores is employed, earning $392.49 in take-home pay per two-week pay period. He also receives assistance in the form of $170 in food stamps per month. Based on the IFP Application, Flores' income falls below the poverty threshold identified by the Department of Health and Human Services ("HHS") 2016 Poverty Guidelines. *See* 2016 HHS Poverty Guidelines, *available at* https://www.federalregister.gov/articles/2016/01/25/2016-01450/annual-update-of-the-hhs-poverty-guidelines. Accordingly, the Court finds that Flores has made the required showing under Section 1915 to proceed without prepayment of fees, and GRANTS his IFP Application.

## II.   Plaintiff's Complaint Is Dismissed With Limited Leave to Amend

Upon review of the Complaint, the Court finds that Flores fails to state a claim upon which relief may be granted. As discussed below, even liberally construed, the Complaint fails to state any discernible basis for judicial relief.

### A.   Standard of Review

The Court subjects each civil action commenced pursuant to 28 U.S.C.

§ 1915(a) to mandatory screening and can order the dismissal of any claims it finds "frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (stating that 28 U.S.C. § 1915(e) "not only permits but requires" the court to *sua sponte* dismiss an *in forma pauperis* complaint that fails to state a claim); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam) (holding that "the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners"). Because Flores is appearing pro se, the Court liberally construes the Complaint.

The Court may dismiss a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief can be granted[.]" A Rule 12(b)(6) dismissal is proper when there is either a "'lack of a cognizable legal theory or the absence of sufficient facts alleged.'" *UMG Recordings, Inc. v. Shelter Capital Partners, LLC*, 718 F.3d 1006, 1014 (9th Cir. 2013) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990)). A plaintiff must allege "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Weber v. Dep't of Veterans Affairs*, 521 F.3d 1061, 1065 (9th Cir. 2008). This tenet – that that the

5

court must accept as true all of the allegations contained in the complaint – "is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. Accordingly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555); *see also Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011) ("[A]llegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively.").

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). Factual allegations that only permit the Court to infer "the mere possibility of misconduct" do not show that the pleader is entitled to relief as required by Rule 8. *Id.* at 679.

      B.    **The Complaint Fails To State A Claim For Relief**

Based on the Court's preliminary screening, it appears that Flores alleges employment discrimination claims under federal law against the United States, two related private entities (Aerotek and Allegis), and one individual (Thigpen). Even given a liberal construction, the allegations in the Complaint fail to state any sort of

discrimination claim against any defendant. As to each claim, the Complaint fails to provide sufficient factual content to enable the Court to draw the reasonable inference that any defendant is liable for the misconduct alleged.

Flores alleges as follows:

> The United States of America has established a[n] Equal Employment Commission which requires [sic] to obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission. This is Against the Speedy Trial Act.
>
> Aerotek recruiter Casey Thigpen has denied by resume thusly, work opportunity with the company Aerotek – government division because my resume does not provide a descriptive work experience or aptitude Miss Thigpen stated that she cannot present my resume to potential employer because it was written in a format established by her company and potential employers.
>
> I stated that most of my work has been deemed Classified: Top Secret by the U.S. government and my current resume has employer [sic] that are being used to denounce and counter any misleading information regarding my mental condition or status.
>
> Due to my work – presently, current, and future; this court Chief Federal Judge J. Michael Seabright has access to my work history. This court will then be able to determine my "qualification" to any position within the work opportunity of Aerotek.
>
> Aerotek works as a branch, subsidiary of the Allegis Group Company out of Hanover, Maryland. Wikipedia listed Allegis Group Company as a private, Industry staffing and workforce management headquartered in Hanover, Maryland, U.S., with revenues of $16 million in 2016.

> The business practice of Aerotek and Allegis Group Company are both against Title VII of the Civil Right[s] act of 1964, the Age Discrimination in Employment Act of 1967, Title I of the American[s] With Disabilitites Act of 1990 and Section 501 and 505 of the Rehabilitation Act of 1973.
>
> As a relief, the U.S. government will readjust their policies of EEO policies.   They will assist to determine Aerotek – Casey Thigpen with "qualified" position within their listed employers and potential employers.
>
> The U.S., Xavier Flores and Aerotek will compose a compensation, means, work schedule, in accordance to a "good faith" between employee and employer with terms that adhere to Xavier Flores['] Tentative Work Agreement with the U.S. Government.
>
> For the record, Aerotek and Allegis Group Company should not have a position that I will not have available to obtain.   My overall performance rate is over at 95 percentile.   This means that any job assignment I get, I will improve, manage administrate, develop[] more than 50 percent of its current capacity.   This is accomplished in large part from my public school (New York City) High School education and life work experience.

Complaint at 4-5.

The Complaint suffers from several deficiencies.   First, to the extent he attempts to allege Title VII and ADA violations against any Defendant, Flores fails to state a claim and has not established that he even attempted to exhaust his administrative remedies before filing the instant civil action.   Title VII of the Civil Rights Act of 1964 and Title I of the ADA "contain[] the identical requirements for

8

filing an administrative charge of discrimination[.]"  *See Sumner v. Sacred Heart Medical Center*, 2005 WL 2415969, at *2 (E.D. Wash. Sept. 30, 2005) (citations omitted); 42 U.S.C. § 2000e; *see also B.K.B. v. Maui Police Department*, 276 F.3d 1091, 1099 (9th Cir. 2002); *Leorna v. United States Department of State*, 105 F.3d 548, 550 (9th Cir. 1997).  Under both statutes, a plaintiff exhausts his administrative remedies by timely filing a charge with the EEOC or the appropriate state agency within the statutorily prescribed time limits.  The purpose of the exhaustion requirement is twofold: to give notice of the alleged violation so as to allow the agency to fix the problem if applicable, and to give the EEOC and/or agency a chance to investigate and possibly informally resolve the claim.  *Sager v. McHugh*, 942 F. Supp. 2d 1137, 1142 (W.D. Wash. 2013); *see also Ong v. Cleland*, 642 F.2d 316, 318–20 (9th Cir. 1981).[3]  Where a plaintiff, for instance, does not timely file such a charge, the Court lacks subject matter jurisdiction to consider

---

[3]The EEOC has promulgated regulations governing the acceptance and processing of discrimination complaints in federal employment cases.  *See* 29 C.F.R. §§ 1614.104–1614.110 (detailing administrative processing of federal Title VII complaints).  Time limitations such as those found in Title VII "are not arbitrary obstacles to the vindication of just claims, and therefore they should not be given a grudging application.  They protect important social interests in certainty, accuracy, and repose."  *Sager*, 942 F. Supp. 2d at 1142 (citing *Cada v. Baxter Healthcare Corp.*, 920 F.2d 446, 45253 (7th Cir. 1990)).  These rules are not mere technicalities, but integral parts of the statutory scheme of achieving a "careful blend of administrative and judicial enforcement powers."  *Brown v. General Services Administration*, 425 U.S. 820, 833 (1976).

claims brought pursuant to Title I of the ADA. *Sumner*, 2005 WL 2415969, at *2.[4] Accordingly, Flores fails to establish that he exhausted his administrative remedies as a prerequisite generally necessary to establish the Court's jurisdiction.

Second, Title VII of the Civil Rights Act of 1964 prohibits employment discrimination based on race, color, religion, sex or national origin. 42 U.S.C. § 2000e *et seq*. The Complaint does not allege that any Defendant either discriminated or retaliated against Flores on the basis of any of these protected classifications.

Third, to the extent Flores seeks relief under Title I of the ADA, he likewise fails to allege facts supporting the elements of a claim. "To state a prima facie case for discrimination under [Title I] of the ADA, [plaintiff] must prove that he is a qualified individual with a disability who suffered an adverse employment action because of his disability." *Zivkovic v. Southern California Edison Co.*, 302 F.3d 1080, 1090 (9th Cir. 2004) (quotation marks and citation omitted). Flores has not

---

[4]The Rehabilitation Act serves as the exclusive remedy for discrimination in employment on the basis of disability by federal agencies. *See Boyd v. U.S. Postal Serv.*, 752 F.2d 410, 413 (9th Cir. 1985). In its original form, Section 501 did not contain a private right of action. In 1978, Congress added a private right of action by adopting Section 505(a)(1), codified at 29 U.S.C. § 794a(a)(1), which provided that the rights and remedies of Title VII claims are available to plaintiffs claiming discrimination on account of their disabilities. The incorporation of the rights and remedies of Title VII brought with it a corresponding requirement that a federal employee plaintiff exhaust administrative remedies prior to proceeding. *See Boyd*, 752 F.2d at 412–14.

alleged that he is an individual with a disability within the meaning of that Act.  *See Allen v. Pacific Bell*, 348 F.3d 1113, 1114 (9th Cir. 2003) (citation omitted) ("[T]o establish a prima facie case [of employment discrimination] under the . . . ADA . . . , [plaintiff] must first demonstrate that . . . he is disabled[.]").

For similar reasons, to the extent he invokes the Rehabilitation Act ("Rehab Act"), Flores likewise fails to state a plausible claim for relief.  The liability standards under the ADA are incorporated into the Rehab Act.  *See* 29 U.S.C. § 791(g); *Walton v. U.S. Marshals Serv.*, 492 F.3d 998, 1005 (9th Cir. 2007); *McLean v. Runyon*, 222 F.3d 1150, 1153 (9th Cir. 2000).  To set forth a prima facie disability discrimination claim under the Rehab Act, Flores must show that (1) he is disabled, (2) he is otherwise qualified (with or without reasonable accommodation) to perform the essential functions of the job, and (3) he was discriminated against solely due to his disability.  *See Mustafa v. Clark County Sch. Dist.*, 157 F.3d 1169, 1174 (9th Cir. 1998).  Again, Flores has not alleged facts supporting any of these elements.

Finally, with respect to his invocation of the ADEA, Flores fails to allege the required elements.  The ADEA makes it unlawful "to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment,

11

because of such individual's age." 29 U.S.C. § 623(a)(1). The prohibition is "limited to individuals who are at least 40 years of age." 29 U.S.C. § 631(a). A plaintiff may establish a prima facie case of discrimination in violation of the ADEA by alleging that he was (1) at least forty years old, (2) qualified for the position for which an application was submitted, (3) denied the position, and (4) the position was given to a substantially younger person. *See Shelley v. Geren*, 666 F.3d 599, 608 (9th Cir. 2012). The Court sees no allegations that address any of these elements. Consequently, Flores fails to state a claim for relief under the ADEA.[5]

Because Flores fails to state a plausible claim under any of the theories alleged, the Complaint is DISMISSED. Because amendment *may* be possible, dismissal is with leave to amend, as detailed below.

## III. The Remaining Motions Are Denied

With respect to Flores' request for the appointment of counsel (Dkt. No. 3), the Court, in its discretion, "may appoint counsel . . . only under 'exceptional circumstances.'" *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *see also Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984). "A finding of

---

[5] Unlike Title VII, the ADEA contains no express requirement that a federal employee complainant seek administrative relief, except that an employee who wishes to file suit without pursuing administrative remedies must give the EEOC notice of intent to sue at least 30 days before filing suit. *See* 29 U.S.C. § 633a(d)(allowing individual to file suit without filing EEOC complaint but requiring notice to EEOC of intent to sue). *See Bankston v. White*, 345 F.3d 768, 770 (9th Cir. 2003).

exceptional circumstances requires an evaluation of both the likelihood of success on the merits [and] the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." *Terrell*, 935 F.2d at 1017 (citation omitted). Neither factor is dispositive and both must be viewed together before reaching a decision on a request for counsel. *Id.* In most cases, however, the Court cannot expend public resources to provide plaintiffs with counsel. *See McCue v. Food Pantry, Ltd.,* 2008 WL 852018, at *3 (D. Haw. Mar. 28, 2008). The present action does not support the appointment of counsel. As noted above, the Complaint lacks plausibility and is unlikely to succeed on the merits as currently alleged. The current Complaint not only fails to state a claim, but fails to establish prerequisites to this Court's jurisdiction, in light of the failure to exhaust administrative remedies. At this preliminary stage, the Court is not able to adequately evaluate the ability of Flores to articulate his claims pro se, beyond his apparent ability to read, write and access the courts repeatedly. Moreover, there is no presumptive right to appointed counsel in civil proceedings that do not threaten a litigant with loss of physical liberty, and no such threat is presented in this case. *Lassiter v. Dep't of Soc. Servs.,* 452 U.S. 18, 26-27 (1981). Accordingly, because "exceptional circumstances" do not exist here, the request for the appointment of counsel is DENIED without prejudice.

In light of the absence of a pending complaint, the Court DENIES as moot Flores' Motion for Service (Dkt. No. 4).  In the event that Flores files an amended complaint in accordance with this order, the Court will revisit his request for service by the U.S. Marshal, as needed.

## IV.    Leave to Amend

The dismissal of the Complaint is without prejudice, and Flores is granted leave to amend to attempt to cure the deficiencies identified above.  If Flores chooses to file an amended complaint, he must write short, plain statements telling the Court: (1) the specific basis of this Court's jurisdiction; (2) the constitutional or statutory right Plaintiff believes was violated; (3) the name of the defendant who violated that right; (4) exactly what that defendant did or failed to do; (5) how the action or inaction of that defendant is connected to the violation of Plaintiff's rights; and (6) what specific injury Plaintiff suffered because of that defendant's conduct. Plaintiff must repeat this process for each person or entity that he names as a defendant.  If Plaintiff fails to affirmatively link the conduct of each named defendant with the specific injury he suffered, the allegation against that defendant will be dismissed for failure to state a claim.

An amended complaint generally supersedes a prior complaint, and must be complete in itself without reference to the prior superseded pleading.  *King v.*

*Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), *overruled in part by Lacey v. Maricopa Cnty.*, 693 F.3d 896 (9th Cir. 2012) (en banc).   Claims dismissed without prejudice that are not re-alleged in an amended complaint may be deemed voluntarily dismissed.   *See Lacey*, 693 F.3d at 928 (stating that claims dismissed with prejudice need not be realleged in an amended complaint to preserve them for appeal, but claims that are voluntarily dismissed are considered waived if they are not re-pled).

The amended complaint must designate that it is the "First Amended Complaint" and may not incorporate any part of the original Complaint.   Rather, any specific allegations must be retyped or rewritten in their entirety.   Plaintiff may include only one claim per count.   Failure to file an amended complaint by **November 30, 2016** will result in the automatic dismissal of this action without prejudice.

## CONCLUSION

Based upon the foregoing, the Complaint is DISMISSED with leave to amend, the IFP Application is GRANTED (Dkt. No. 2), the Motion for A Lawyer is DENIED (Dkt. No. 3), and the Motion for Service is DENIED as moot (Dkt. No. 4).

Flores is granted limited leave to file an amended complaint in accordance with the terms of this order by no later than **November 30, 2016**.   The Court

CAUTIONS Flores that failure to file an amended complaint by **November 30, 2016** will result in the automatic dismissal of this action without prejudice.

IT IS SO ORDERED.

Dated: November 7, 2016 at Honolulu, Hawaiʻi.

/s/ Derrick K. Watson
Derrick K. Watson
United States District Judge

---

*Flores v. United States, et al.*; Civil No. 16-00579 DKW-KSC;
**ORDER (1) DISMISSING COMPLAINT; (2) GRANTING APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES OR COSTS; AND (3) DENYING ALL OTHER PENDING MOTIONS**