IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| XAVIER FLORES, | CIVIL NO. 16-00579 DKW-KSC |
| Plaintiff, | **ORDER DISMISSING CASE** |
| vs. | |
| UNITED STATES OF AMERICA; AEROTEK; ALLEGIS GROUP COMPANY; and CASEY THIGPEN, | |
| Defendants. | |

## **ORDER DISMISSING CASE**

On October 27, 2016, Plaintiff Xavier Flores, proceeding pro se, filed a Complaint, Application to proceed *in forma pauperis* ("IFP Application"), Motion For A Lawyer, and Motion For Service.   The Complaint attempted to allege claims against the United States of America; Aerotek; Allegis Group Company; and Casey Thigpen, a recruiter for Aerotek, under Title VII, the Americans with Disabilities Act, the Age Discrimination in Employment Act, and the Rehabilitation Act.

In a November 7, 2016 Order, the Court granted the IFP application, denied the pending motions, and dismissed the Complaint, but granted Flores limited leave

1

to file an amended complaint in accordance with the terms of the Court's order by no later than November 30, 2016.   Dkt. No. 6.   Flores has yet to file an amended complaint or respond to the Court's November 7, 2016 Order in any other fashion. As a result, this action is dismissed without prejudice.

Courts have the authority to dismiss actions for failure to prosecute or for failure to comply with court orders.   *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962) ("The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts.").   The Court has discretion to dismiss a plaintiff's action for failure to comply with an order requiring him to file an amended pleading within a specified time period.   *Pagtalunan v. Galaza*, 291 F.3d 639, 640 (9th Cir. 2002).   Before dismissing an action for failure to prosecute, the Court must weigh: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits."   *Id*. at 642 (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

Upon careful consideration of these factors, the Court concludes that dismissal is warranted under the circumstances.[1]   The Court's November 7, 2016 Order was clear:

> Because Flores fails to state a plausible claim under any of the theories alleged, the Complaint is DISMISSED.   Because amendment *may* be possible, dismissal is with leave to amend, as detailed below.
>
> ****
>
> Failure to file an amended complaint by **November 30, 2016** will result in the automatic dismissal of this action without prejudice.
>
> ****
>
> Based upon the foregoing, the Complaint is DISMISSED with leave to amend, the IFP Application is GRANTED (Dkt. No. 2), the Motion for A Lawyer is DENIED (Dkt. No. 3), and the Motion for Service is DENIED as moot (Dkt. No. 4).
>
> Flores is granted limited leave to file an amended complaint in accordance with the terms of this order by no later than **November 30, 2016**.   The Court CAUTIONS Flores that failure to file an amended complaint by **November 30, 2016** will result in the automatic dismissal of this action without prejudice.

11/7/16 Order at 12, 15-16 (Dkt. No. 6).

---

[1]As noted in the Court's prior order, because Flores is appearing pro se, the Court liberally construes his pleadings.   *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).   Although he is proceeding pro se, Flores is familiar with his federal court filing and pleading responsibilities. Flores has filed several actions in this district within the past year, the majority of which allege similar claims against the United States relating to both his alleged national security qualifications and his "Tentative Work Agreement." *See, e.g.,* Civil Nos. 15-00408 DKW-RLP; 15-00515DKW-RLP; 15-00538 HG-RLP; 16-00009 DKW-RLP; 16-00225 LEK-KJM; 16-00561LEK-KSC; and 16-00573 DKW-KJM.

Flores' failure to comply with the Court's order hinders the Court's ability to move this case forward and indicates that he does not intend to litigate this action diligently.   *See Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) ("The public's interest in expeditious resolution of litigation always favors dismissal.").   This factor favors dismissal.

The risk of prejudice to a defendant is related to a plaintiff's reason for failure to prosecute an action.   *See Pagtalunan*, 291 F.3d at 642 (citing *Yourish*, 191 F.3d at 991).   Flores offers no excuse or explanation for his failure to file a First Amended Complaint.   When a party offers a poor excuse (or, in this case, no excuse) for failing to comply with a court's order, the prejudice to the opposing party is sufficient to favor dismissal.   *See Yourish*, 191 F.3d at 991-92.   This factor favors dismissal.

Public policy favoring the disposition of cases on their merits ordinarily weighs against dismissal.   However, it is the responsibility of the moving party to prosecute the action at a reasonable pace and to refrain from dilatory and evasive tactics.   *See Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 652 (9th Cir. 1991). Flores failed to discharge his responsibility to prosecute this action despite the Court's express warnings about dismissal in its prior order.   *See* Dkt. No. 6.   Under these circumstances, the public policy favoring the resolution of disputes on the

merits does not outweigh Flores' failure to file an amended complaint, as directed by the Court in its November 7, 2016 Order.

The Court attempted to avoid outright dismissal of this action by granting Flores the opportunity to amend his allegations and providing specific guidance on how to do so.   *See Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) ("The district court need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives."). Alternatives to dismissal are not adequate here, given Flores' voluntary failure to comply with the Court's order.   Under the present circumstances, less drastic alternatives are not appropriate.   The Court acknowledges that the public policy favoring disposition of cases on their merits weighs against dismissal.   On balance, however, because four factors favor dismissal, this factor is outweighed.

On the basis of the foregoing, the Court DISMISSES this action without prejudice and directs the Clerk of Court to close this case.

IT IS SO ORDERED.

Dated: December 6, 2016 at Honolulu, Hawai'i.



Derrick K. Watson
United States District Judge

---

*Flores v. United States, et al.*; Civil No. 16-00579 DKW-KSC; **ORDER DISMISSING CASE**